CHANCE E. GORDON (SBN 198512)
**THE GORDON LAW FIRM**
Miracle Mile Tower
5455 Wilshire Boulevard, Suite 2025
Los Angeles, CA 90036
Tel. (323) 933-6088
Fax (323) 372-1278
gordonlawfirm@thegordonlawfirm.com

Attorney for Plaintiff DEREK KING

FILED
11 APR 29 AM 10:13
CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK KING, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., a National Association and Successor-In-Interest of WELLS FARGO HOME MORTGAGE, INC; THE BANK OF NEW YORK MELLON CORPORATION, a Delaware Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV11-03685 GW (PLAx) <br><br> **COMPLAINT FOR:** <br><br> 1. **WRONGFUL FORECLOSURE** <br> 2. **PROMISSORY ESTOPPEL** <br> 3. **BREACH OF FIDUCIARY DUTY** <br> 4. **QUIET TITLE** <br> 5. **DECLARATORY RELIEF** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiffs claims arise under the laws of the United States. Adjudication of Plaintiffs' complaint requires an analysis and construction of federal law including

1

Federal Lending Standards promulgated by 12 CFR part 365, (Real Estate Lending Standards Adopted by the FDIC); 12 CFR part 208, subpart C (Real Estate Lending Standards Adopted by the FRB); 12 CFR part 34, subpart D (Real Estate Lending Standards Adopted by the OCC); and 12 CFR 563.100-101 (Real Estate Lending Standards Adopted by the OTS).

2.   This Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." (*See* 28 U.S.C. §1367(a)). Due to the interrelationship of Plaintiffs' state law and federal claims, this Court should extend supplemental jurisdiction over Plaintiff's state law claims.

3.   This Court has jurisdiction over this matter as Plaintiffs in this action have submitted to the Court's Judicial District. Venue is proper in this Judicial District as Defendants West Coast Operations is located within the Court's Judicial District and it is where a substantial part of the events subject of the action occurred and based upon the fact that this Court would otherwise have personal jurisdiction over the matters subject of this action and the parties.

## PARTIES

4.   Plaintiff DEREK KING (hereinafter "Plaintiff") is, and at all relevant times herein was, the owners of property located at 6551 W. Jefferson Blvd, Los Angeles, California 90016 (hereinafter "Subject Property").

5.   Defendant WELLS FARGO BANK, N.A. (hereinafter "Defendant Wells"), is, and at all times mentioned hereinafter was a National Association and Successor-In-Interest for WELLS FARGO HOME MORTGAGE, INC., which at all times mentioned herein, was actively conducting business in California and the Court's Judicial District. Defendant Wells originated and thereafter serviced the loan secured by the property subject of this action.

6. Defendant BANK OF NEW YORK MELLON CORPORATION (hereinafter "Defendant BNY"), is, and at all times mentioned hereinafter was, a Delaware Limited Liability Company doing business within the Court 's Judicial District. Defendant BNY currently holds record title of the property subject of this action.

## BACKGROUND OF ACTION

7. As a result of the merger between Defendant Wells and Wells Fargo Home Mortgage, Inc., Defendant Wells became a behemoth in the mortgage industry and the owner of a book of subprime loans valued way into the billions of dollars. This fact, of course, caused tremendous back log at the operations centers of Defendant Wells.

8. The mortgage meltdown continued through 2008 and into 2009, wherein Defendant Wells formulated a novel idea that would help slow the flow of properties which were on their way to foreclosure. This novel idea allowed them to deceive borrowers into unknowingly paying the foreclosure costs when their home was eventually sold in foreclosure. This idea was what became known as "The Trial Modification Program."

9. The Trial Modification Program is offered by Defendants Wells under the auspices of being the first step in a borrower obtaining a permanent loan modification. Essentially, a borrower enters into a written agreement with Defendant Wells wherein the borrower is required to make three equal modified payments. Upon completing these payments, the borrower is then required to provide documentation which substantiates their income. Once the borrower complies with the foregoing, Defendant Wells is obligated to offer a permanent loan modification to the borrower.

10. However, instead of permanently modifying a borrower's loan as promised, Defendant Wells instead allows the borrowers file to sit in its underwriting department completely untouched for several months. Most borrowers, unsure as to what they should do, continue making the payments called for in the Trial Modification

Agreement past the three initial payments encompassed within the Agreement.

11. Eventually, Defendant Wells foreclosed upon the Subject Property even though Plaintiff was in the Trial Modification Program actively compliant and reliant upon the promises and possibility of a modification. Defendant BNY is currently record title holder as a result of the foreclosure and the possibility of an Unlawful Detainer action threatens Plaintiff's right to possession as this issue regarding rights to title is in question.

12. The above-described conduct and circumstances involves deceiving borrowers through making material misrepresentations and through the concealment of facts. Additionally, by extending a trial modification in the manner described above, Defendant Wells have created a contract which they have breached. Furthermore, denial of a permanent modification to these borrowers, whether or not they were previously in a Trial Modification, represents conduct in bad faith on the part of Defendant Wells.

### FIRST CAUSE OF ACTION
### WRONGFUL FORECLOSURE
### *(Against Defendant Wells)*

13. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1-12 above as though fully set forth herein.

14. Defendant Wells recorded a Notice of Default against the Subject Property on January 9, 2009. Thereafter, Plaintiff routinely attempted to contact Defendant Wells in order to discuss loan modification options. Plaintiff was initially offered a Trial Modification in which Plaintiff made timely payments pursuant to the terms of the Trial Modification Contract. In turn, Plaintiff's attempts were met with a complete lack of cooperation and unresponsiveness.

15. On June 30, 2010, Defendant Wells recorded a Notice of Trustee's Sale against the Subject Property. On November 19, 2010, the Subject Property was sold

1  to Defendant BNY, who recorded the Trustee's Deed Upon Sale on December 2, 2010.

16. At no time prior to the recording of the Notice of Default's sale, or at any time thereafter, did Plaintiff receive any explanation as to the systematic ignoring of Plaintiff's loan modification requests or why Plaintiff was denied a loan modification after qualifying and complying with the terms of the Trial Modification Contract. On information and belief, Plaintiff alleges that Defendant Wells never even considered the loan modification request.

17. As a result, the November 19, 2010 sale of the Subject Property was improperly held and in violation of Civil Code §2923.5.

## SECOND CAUSE OF ACTION
## PROMISSORY ESTOPPEL
### (Against Defendant Wells)

18. Plaintiff incorporates into this cause of action by reference each and every allegation set forth in paragraphs 1-17 as though fully set forth herein.

19. Defendant Wells promised to modify Plaintiff's Note and suspend any prospective foreclosure actions pursuant to Plaintiff's Deed of Trust in writing if timely payments were made pursuant to the Contract. Defendant Wells promised to send a permanent modification to the Note upon receipt of the timely payments.

20. Plaintiff paid and continued to pay each and every monthly payment pursuant to the Contract. In reliance on the promise by Defendant Wells, as long as the monthly payments were made pursuant to the Contract, Defendant Wells would not pursue a foreclosure on the Subject Property.

21. Plaintiff relied upon the promises made by Defendant Wells and suffered damages in the following form. Plaintiff specifically authorized Defendant Wells to run a new credit report which showed up as an inquiry and automatically lowered Plaintiff's credit score.

22. Plaintiff consented to the disclosure of newly provided extraordinary financial information to taxing authorities and other government authorities which included: allowing Defendant Wells to disclose personal information including but not limited to name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, information about account balances and equity, and information regarding the Contract to a) the U.S. Department of Treasury; b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plain; c) any investor, insurer, guarantor or service that owns, insures, guarantees, or services my…loan(s); companies that perform support services for the Home Affordable Modification Program; and e) any HUD certified counselor.

23. Additionally, in reliance upon Defendant Wells' statements, Plaintiff applied for and answered the questionnaires and provided to Defendant Wells updated income and expense documentation under the penalty of perjury knowing that Defendant Wells would be able to release that information to taxing and other government authorities and support contractors.

24. Plaintiff's reliance upon the promises by Defendant Wells were both reasonable and foreseeable given that the entire United States of America had been told that there were multi-billion dollar bailouts of financial institutions like Defendant Wells and a major part of those funds were to be used to fund the Home Affordable Modification Program pursuant to the Home Affordability and Stability Plan of the Troubled Asset Relief Program. All of the correspondences sent by Defendant Wells reference the Home Affordable Modification Program as the basis for their promises. Because the government sponsored programs were referenced, it is reasonable and foreseeable that Plaintiff relied on such promises.

25. Despite Plaintiff relying upon the statements and Contract provided by Defendant Wells to their detriment, Defendant Wells foreclosed upon and sold the

Subject Property to Defendant BNY at Trustee's sale on November 19, 2010, causing injury to Plaintiff in an amount that exceeds the jurisdictional minimum of this Court to be proven at trial.

26. Plaintiff have no adequate remedy at law (as the real property is unique) to remedy the feigned promises by Defendant Wells other than the rescission of the Trustee's Deed and a permanent modification to the loan as promised by Defendant Wells.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
*(Against Defendant Wells)*

27. Plaintiff incorporates into this cause of action by reference each and every allegation set forth in paragraphs 1-26 above as though fully set forth herein.

28. Defendant Wells owed Plaintiff a fiduciary duty of loyalty, honesty, and trust. Mainly, these relationships were created as a result of Defendants: (1) originating the loans secured on the Subject Property; (2) funding the loan secured on the Subject Property; (3) selling the Subject Property Plaintiff; and (4) later offering a Trial Modification on the loan secured upon the Subject Property.

29. As a direct and proximate result of Defendant Wells' breaching their various fiduciary duties and conduct, Plaintiff jeopardizes his rights to ownership of title, loss of current and potential rental income, and damage to his credit as a result of the above-mentioned conduct, in additional amounts which will be proven at the time of trial.

30. The actions by Defendant Wells were intentional and done with fraud, oppression, malice, and with conscious disregard for the safety and rights of others merely for monetary gain with no socially redeeming value whatsoever. As a result, Plaintiff is entitled to an award of punitive damages against Defendant Wells.

//

## FOURTH CAUSE OF ACTION
## QUIET TITLE
### (Against All Defendants)

31. Plaintiff incorporates into this cause of action by reference each and every allegation set forth in paragraphs 1-30 as though fully set forth herein.

32. In light of the above-mentioned conduct and circumstances resulting from Defendant Wells foreclosing upon the Subject Property in violation of Civil Code § 2923.5, the Courts determination is necessary to establish Plaintiff's rights regarding the Subject Property.

33. Defendant BNY, whom recorded the Trustee's Deed Upon Sale following the foreclosure sale, also claims legal title to the Subject Property. A determination from the Court is sought regarding the validity of such claim.

34. Pursuant to Code of Civil Procedure § 761.020(b), the courts determination is necessary to establish the rights to title to the Subject Property. Plaintiff risks losing the benefits of primary title holder, ownership, and vested interest of which would be proved at the time of trial.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against All Defendants)

35. Plaintiff incorporates into this cause of action by reference each and every allegation set forth in paragraphs 1-34 as though fully set forth herein.

36. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning the parties' respective rights with regard to the Subject Property. Mainly, a determination needs to be made as to who is entitled to legal ownership of the Subject Property based upon the foregoing allegations related to the unlawful manner in which the sale was conducted.

37. Based upon the foregoing, Plaintiff desires a judicial determination of rights and duties with respect to the Subject Property, including the validity of the

non-judicial foreclosure proceedings carried out against the Subject Property.

38. Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain her rights in the Subject Property. Furthermore, a determination of the respective rights and liabilities of Plaintiff and Defendants is necessary to avoid a circuitry and multiplicity of actions.

WHEREFORE, Plaintiff prays for Judgment as follows:

1. For compensatory and consequential damages in an amount to be proven at the time of trial;
2. For punitive damages;
3. For reasonable costs;
4. For a Judicial determination from the Court as to the rights to the Subject Property;
5. Award actual damages to be established at trial pursuant to 15 U.S.C. §1640(a)(l);
6. Award statutory damages in the amount of twice the finance charge not to exceed $1,000 in accordance with §1640(a)(2); and
7. For such other relief as this Court may deem proper and necessary.

DATED: April 27, 2011

THE GORDON LAW FIRM

By: _____
CHANCE E. GORDON, Attorney for
Plaintiff DEREK KING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

```
CV11- 3685 GW (PLAx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

DEREK KING, an individual )
)
*Plaintiff* )
)
v. ) Civil Action No.
WELLS FARGO BANK, N.A., et. al (See Attachment) ) **CV11-03685 GW(PLAx)**
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: CHANCE E. GORDON
THE GORDON LAW FIRM
5455 WILSHIRE BLVD., SUITE 2025
LOS ANGELES, CA 90036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**JULIE PRADO**

Date: 04/29/2011

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
for the
Central District of California

SUMMONS IN A CIVIL ACTION – PAGE 2

DEREK KING. v. WELLS FARGO BANK, N.A., et. al

DEREK KING, an individual,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A., a National Association and Successor-In-Interest of WELLS FARGO HOME MORTGAGE, INC; THE BANK OF NEW YORK MELLON CORPORATION, a Delaware Corporation; and DOES 1 through 10, inclusive,
        Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DEREK KING, an individual

**DEFENDANTS**
WELLS FARGO BANK, N.A., a National Association and Successor-In-Interest of WELLS FARGO HOME MORTGAGE, INC; THE BANK OF NEW YORK MELLON CORPORATION, a Delaware Corporation; (see attachment)

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Chance E. Gordon, THE GORDON LAW FIRM
5455 Wilshire Blvd., Suite 2025, Los Angeles, CA 90036
Tel: (323) 933-6088

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No
☐ **MONEY DEMANDED IN COMPLAINT:** $ Determined Upon Proceedings

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1331

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☑ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-03685

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date April 28, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

UNITED STATES DISTRICT COURT
for the
Central District of California

CIVIL CASE COVER SHEET – PAGE 2

DEREK KING. v. WELLS FARGO BANK, N.A., et. al

DEREK KING, an individual,

       Plaintiff,

v.

WELLS FARGO BANK, N.A., a National Association and Successor-In-Interest of WELLS FARGO HOME MORTGAGE, INC; THE BANK OF NEW YORK MELLON CORPORATION, a Delaware Corporation; and DOES 1 through 10, inclusive,
       Defendants.