UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**MADE JS-6**

| | | | |
|---|---|---|---|
| Case No. | CV 11-3685 GW (PLAx) | Date | June 20, 2011 |

| | |
|---|---|
| Title | *Derek King v. Wells Fargo Bank, N.A., et al.* |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, United States District Judge |

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**    (IN CHAMBERS):  **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION AND VACATING JUNE 30, 2011, HEARING DATE**


On April 29, 2011, plaintiff Derek King ("Plaintiff") filed this action in this Court, naming Wells Fargo Bank, N.A., a National Association and Successor-In-Interest of Wells Fargo Home Mortgage, Inc. ("Wells"), and The Bank of New York Mellon Corporation ("BONY") as defendants. Plaintiff's Complaint contains five state law-based claims for relief: 1) wrongful foreclosure, 2) promissory estoppel, 3) breach of fiduciary duty, 4) quiet title, and 5) declaratory relief. In the Complaint's opening paragraph, Plaintiff alleges that this Court

> has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs [*sic*] claims arise under the laws of the United States. Adjudication of Plaintiffs' [*sic*] complaint requires an analysis and construction of federal law including Federal Lending Standards promulgated by 12 CFR part 365, (Real Estate Lending Standards Adopted by the FDIC); 12 CFR part 208, subpart C (Real Estate Lending Standards Adopted by the FRB); 12 CFR part 34, subpart D (Real Estate Lending Standards Adopted by the OCC); and 12 CFR 563.100-101 (Real Estate Lending Standards Adopted by the OTS).

Complaint ¶ 1. That paragraph is then incorporated into the allegations specifically relating to each of the five claims for relief. *See id.* ¶¶ 13, 18, 27, 31, 35. Jurisdiction pursuant to 28 U.S.C. § 1331 is the only basis asserted for this Court's subject matter jurisdiction.

It is this Court's duty to always examine its own subject matter jurisdiction, even if the parties do not address the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Having filed this case in federal court, Plaintiff bore the burden of affirmatively demonstrating this Court's subject matter jurisdiction over this action. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("The party asserting federal subject matter jurisdiction bears the burden of proving its existence."); *Hexom v. Or. Dep't of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).

## CIVIL MINUTES - GENERAL

**MADE JS-6**

Notwithstanding the incorporation of paragraph 1, the allegations relating to each of the five claims for relief reveal *no connection whatsoever* to the lending standards set forth in that opening paragraph, let alone the type of *necessary* connection required to transform what are otherwise state-law claims into claims that "arise under" federal law for purposes of establishing jurisdiction pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *see also Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541-43 (9th Cir. 2011); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2011) § 2:742, at 2B-56. Instead, all of Plaintiff's claims appear to be based on Wells's failure to adhere to what Plaintiff alleges was a promise to modify the terms of his loan/mortgage. There are no other *necessary* issues of federal law pled on the face of Plaintiff's Complaint.[1] As such, Plaintiff has failed to satisfy his burden of properly alleging a basis for federal jurisdiction. This Court will therefore dismiss the action <u>without</u> prejudice.

This, of course, has the effect of vacating the June 30, 2011, date set for hearing of Plaintiff's motion for a preliminary injunction, filed May 31, 2011. The Court would vacate that date even if the subject matter jurisdiction issue set forth above was not present. Moreover, even if the Court were for some reason *not* to vacate that hearing, the motion would have been denied.

The Court would have vacated the preliminary injunction hearing date because there is nothing in the record demonstrating that Plaintiff has served either Wells or BONY with the Summons and Complaint in this action or with the motion for preliminary injunction itself.[2] If Plaintiff intended – despite filing the motion as a "regularly-noticed" (though without notice) motion – to seek *ex parte* relief, he has made no attempt to demonstrate the necessary requirements for the Court to even consider an *ex parte* request. *See* Fed. R. Civ. P. 65(b)(1) (permitting issuance of *ex parte* temporary restraining orders "only if…specific facts...clearly show that immediate and irreparable injury, loss, or damage will result...before the adverse party can be heard in opposition; <u>and</u>...the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required") (emphasis added); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006). Clearly, if Plaintiff were content to wait until 30 days after filing the motion to have it heard, there was more than sufficient time for the adverse parties to "be heard in opposition." The failure to serve Wells and BONY

---

[1]Plaintiff references the Home Affordable Modification Program and the Home Affordability and Stability Plan of the Troubled Asset Relief Program in paragraph 24 of the Complaint in an effort to explain why his reliance on Wells's alleged promises was justifiable. *See* Complaint ¶ 24. If, in fact, Wells made the modification-related promises Plaintiff alleges herein, however, there is virtually no need for Plaintiff to rely upon those federal programs so as to demonstrate his reasonable and foreseeable reliance for purposes of his state-law promissory estoppel claim. Irrespective of the basis for its promise, Wells allegedly *made a promise* to Plaintiff, leading him to make payments according to that promise. Plaintiff also seeks actual and statutory damages pursuant to 15 U.S.C. §§ 1640(a)(1) and 1640(a)(2), respectively. Those statutory sections are part of the Truth in Lending Act. Plaintiff's Complaint contains no Truth in Lending Act claims (or allegations).

[2]BONY alone appears to have been the target of the preliminary injunction motion, *see* Motion for Preliminary Injunction (Docket No. 6) at 1:24-2:5, though the [Proposed] Order re: Injunctive Relief appears to have been designed to cover all defendants, *see* Docket No. 6-1.

## CIVIL MINUTES - GENERAL

**MADE JS-6**

under those circumstances – much less the failure to explain why service "should not be required" – is effectively inexplicable.

Had the Court reached the merits of the preliminary injunction motion notwithstanding 1) the subject matter jurisdiction defect and 2) the service and notice defects, it would have denied the motion for *at least* two[3] major reasons. First, the matters Plaintiff complains about consisted of a Notice to Enter Dwelling Unit and a *Three Day* Notice to Perform Covenant or Quit posted or served upon the property *in May*. *See* Motion for Preliminary Injunction (Docket No. 6) at 3:12-18; Request for Judicial Notice (Docket No. 6-2), Exhs. 2-3; King Decl. ¶¶ 3-4. Any urgency or immediate threat of harm has either dissipated or Plaintiff has not sufficiently demonstrated what *continuing* immediate threat of harm exists. Second, Plaintiff's threat of harm as set forth in his motion consists of his concern that the property will be sold. *See* Motion for Preliminary Injunction at 5:9-19. Yet, Plaintiff's Complaint alleges that the property *was already sold* to BONY *in November 2010*. *See* Complaint ¶¶ 6, 11, 15, 24. If what Plaintiff really hopes to achieve is to enjoin some future (or current) unlawful detainer proceeding, *see* Complaint ¶ 11, this Court would not issue such relief. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Scherbenske v. Wachovia Mortg., FSB*, 626 F.Supp.2d 1052,1058-61 (E.D. Cal. 2009); *Bjorn v. Lender Processing Servs. (LPS)*, No. 10cv2620-LAB (NLS), 2011 U.S. Dist. LEXIS 1210, *6 (S.D. Cal. Jan. 6, 2011); *Guancione v. Wachovia Mortg. Corp.*, No. 5:10-cv-03166 JF (HRL), 2010 U.S. Dist. LEXIS 89927, *8-9 (N.D. Cal. July 28, 2010).

In sum, this Court lacks subject matter jurisdiction over this action. It is dismissed <u>without</u> prejudice. *See Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *cf. Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1490-91 (9th Cir. 1990) (affirming dismissal on subject matter jurisdiction grounds where court had originally issued temporary restraining order and related order to show cause, but dismissed after hearing only defendant's response to order to show cause), *cert. denied*, 500 U.S. 952 (1991); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 n.3 (9th Cir. 1988) ("When the district court *has jurisdiction* over the action at the outset but the complaint inadequately alleges jurisdiction, the court *may* grant leave to amend the defective allegations.") (emphasis added), *cert. denied sub nom.*, *Miller v. Morongo Band of Mission Indians*, 488 U.S. 1006 (1989).

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

---

[3]There are still further reasons for denial. For instance, Plaintiff relies on inapplicable standards governing preliminary injunctive relief. *See* Motion for Preliminary Injunction (Docket No. 6) at 5:22-24 (citing California law to argue that a plaintiff need only show a "reasonable probability" of success to obtain injunctive relief); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**MADE JS-6**
Deputy Clerk ____JG_____